IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH J. GLEASON,**

                            **Plaintiff,**

            v.                                  **CASE NO. 20-3173-SAC**

**GARY L. NAFZIGER, et al.,**

                            **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Noah J. Gleason, a state prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's Complaint (ECF No. 1) alleges the state court judges who presided over his criminal prosecution and post-conviction proceedings did not have jurisdiction and therefore were not authorized to act as judges. Plaintiff claims the state district court did not have subject matter jurisdiction because the charge against Plaintiff was not brought within the statute of limitations. He further asserts the state court lacked personal jurisdiction because there was no warrant or

1

summons issued to commence the prosecution. Plaintiff argues he has been unlawfully incarcerated from April 2002 through 2020.

Plaintiff names as defendants six Kansas state court judges and the State of Kansas. He seeks compensatory damages of $2 million for every year since 2002. Plaintiff further seeks an order disbarring the defendant judges, forfeiting their pensions, and sentencing them to prison for half of the time Plaintiff has served.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

3

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal for the following reasons.

### A. The defendant judges are immune.

The Supreme Court of the United States has held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12. "Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the 'complete absence of all jurisdiction.'" *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008). The Supreme Court has explained the distinction as follows:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; *on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.*

*Stump v. Sparkman,* 435 U.S. 349, 357 n. 7 (1978) (emphasis added).

K.S.A. 20-301 provides that district courts "shall have general original jurisdiction of all matters, both civil and criminal."

Plaintiff complains of actions the defendants took, or failed to take, in their judicial capacities. The actions were within the district courts' general jurisdiction over criminal matters. Therefore, the judicial defendants here have absolute immunity. "Absolute immunity defeats a suit at the outset." *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13 (1976).

**B. The State of Kansas is immune.**

The State is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Moreover, the State of Kansas is absolutely immune from suit for money damages under the Eleventh Amendment. Consequently, suits against the State and its agencies are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006).

**C. This action is barred by *Heck v. Humphrey*.**

Plaintiff's claims are premature under the principles of *Heck v. Humphrey.* Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

Plaintiff seeks to establish that the defendant judges acted without authority in convicting him and refusing to overturn that conviction. Hence, a judgment here in Plaintiff's favor would obviously imply that Plaintiff's conviction is invalid. Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, the Complaint is barred by *Heck*. *See Heck*, 512 U.S. at 487.

## IV. Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**V. Motion for Hearing (ECF No. 5)**

Also before the Court is a motion filed by Plaintiff requesting a pretrial conference, an order for Defendants to respond to the Complaint, or a trial date. Because the Court has determined that Plaintiff's Complaint is subject to dismissal, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 4, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (ECF No. 5) is **denied**.

**IT IS SO ORDERED.**

DATED: This 4th day of February, 2021, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**