IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH J. GLEASON,**

        **Plaintiff,**

    v.                                     **CASE NO. 20-3173-SAC**

**GARY L. NAFZIGER, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, ECF No. 7) ("MOSC"). Before the Court is Plaintiff's response to the MOSC (ECF No. 8).

The MOSC found that the Complaint was subject to dismissal because the defendants are immune from liability for money damages and because the claims are premature under the principles of *Heck v. Humphrey*.

In his response to the MOSC, Plaintiff asserts the defendant judges were "negligent and incompetent." ECF No. 8, at 5. He argues the defendants acted without jurisdiction because the criminal complaint showed on its face that the charges against him were filed outside the statute of limitations period.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Kansas law provides that district courts

1

have general original jurisdiction of all matters, both civil and criminal, as well as appellate jurisdiction as provided by law.  K.S.A. 20–301.  Plaintiff's argument about the statute of limitations, if correct, would not affect this jurisdictional grant.  It may have been an erroneous exercise of that jurisdiction, but the "erroneous manner in which [the court's] jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever."  *Stump*, 435 U.S. at 359 (quoting *Bradley v. Fisher*, 13 Wall. 335, 357, 20 L. Ed. 646 (1872)).  As an illustration of the distinction, the Supreme Court stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; *on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.*

*Stump,* 435 U.S. at 357 n. 7 (emphasis added) (citing *Bradley*, 13 Wall., at 351-52).

The Tenth Circuit considered and rejected a similar argument to Plaintiff's in an unpublished opinion.  *See DeLia v. U.S. Dep't of Justice*, No. 21-5047, 2021 WL 4258758, at *1 (10th Cir. Sept. 20, 2021).  In that case, DeLia had been found guilty of healthcare fraud, appealed, and the Tenth Circuit vacated the conviction, finding prosecution was barred by the statute of limitations.  He then filed a § 1983 action against the District Judge who presided over his prosecution, among others, alleging "[t]hese illegal Federal employees exhibited misconduct, negligence, malpractice, and outright illegalities in conspiring against [DeLia] to a ridiculous illegal extent, not understanding Statute of Limitations, not understanding health care law, violating [his] Constitutional rights, doing an illegal case that never should have been done (Selective Prosecution), putting slanderous lies on the internet that damage [him] continuously and is on-going, and illegal incarceration[.]"  *Id*.  The Tenth Circuit found that DeLia "does not include

any allegation against Judge Payne that falls outside the scope of his official capacity overseeing DeLia's criminal proceedings. Thus, Judge Payne is entitled to absolute judicial immunity." *Id.* at *3.

The Court finds the defendant judges here are similarly entitled to judicial immunity.

Even if the defendant judges were not immune from liability, the Complaint is subject to dismissal for failure to state a claim for violation of Plaintiff's constitutional rights. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff bases his Complaint on "judicial misconduct" and makes mention of his due process rights. However, "a state's misapplication of its own statute of limitations does not violate federal due process per se." *Belvin v. Addison*, 561 F. App'x 684, 686 (10th Cir. 2014). As the Tenth Circuit found in *Belvin*, "[e]ven if a misapplication occurred here, which [the Court does] not find, [Plaintiff] gives [the Court] no reason to believe [the state] violated his federal due process rights." *Id*.

In his response to the MOSC, Plaintiff also argues that his suit is not premature under *Heck*. Under *Heck v. Humphrey*, when a state prisoner seeks damages in a lawsuit under § 1983, his Complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's argument seems to be that *Heck* is inapplicable because without the state court having jurisdiction, there is not actually a conviction to imply is invalid. Accepting this argument would require the Court to find Plaintiff's conviction invalid, which is precisely what it cannot do in a lawsuit under § 1983 under *Heck*. Plaintiff must raise the issue in a habeas corpus action, and, in fact, he has already attempted to do so. *See Gleason v. Cline*, No. 20-3254-SAC (D. Kan.).

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 17th day of December, 2021, at Topeka, Kansas.**

        **S/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**